IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CARLA HARVASTY,

        Plaintiff,

v.

RESURGENT CAPITAL
SERVICES, L.P.,

        Defendant.
_____/

CASE NO. 6:21-cv-01451-GAP-EJK

## DEFENDANT'S *UNOPPOSED* MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), Defendant Resurgent Capital Services, L.P. ("RCS") moves to consolidate the matters of *Bryton Ennis v. Resurgent Capital Services, L.P.*, Case No. 8:21-cv-01771-TPB-SPF, *Shannon Fallis v. Resurgent Capital Services, L.P.*, Case No.: 6:21-cv-1555-ACC-EJK, and *Marvin Worrell v. Resurgent Capital Services, L.P.*, Case No. 8:21-cv-01773-TPB-JSS, currently pending in the United States District Court for the Middle District of Florida, with the above-styled cause. In support thereof, RCS would show:

    1.    On behalf of four different individuals, Plaintiff's counsel filed a total of four (4) substantially identical actions against RCS in Florida state court.

    2.    RCS timely removed those four identical actions to the United States District Court for the Middle District of Florida.

1

3. All 4 cases plead the same violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq* ("FCCPA") arising from the same alleged conduct—specifically, that RCS transmitted each Plaintiff's personal information to a third-party in violation of § 1692c(b) of the FDCPA and Fla. Stat. 559.73(5) of the FCCPA.

4. Because common issues of law and fact exist between these cases, RCS seeks a consolidated of these related actions.

## MEMORANDUM OF LAW

Fed R. Civ. P. 42(a) states, in pertinent part, "[i]f actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a). This Rule is one of convenience and exists to give the Court discretion to decide how cases on its docket are to be handled so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. *Miller v. U.S. Postal Service,* 729 f.2D 1033, 1036 (5th Cir. 1984). In considering a consolidation of actions, the Court must consider the following factors:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.* 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Easter Airlines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied* 406 U.S. 1102 (1983) and 464 U.S. 1040 (1984)).

    Here, consideration of all of the factors weighs heavily in favor of consolidation. Consolidation poses no risk of confusion to the parties as the facts and issues of law in each of these matters is substantially identical and counsel for the parties are all the same. A failure to consolidate does, however, risk inconsistent adjudications of identical legal issues and would burden the parties and witnesses with unnecessary and largely duplicative discovery. Finally, multiple trials concerning nearly identical questions of law and fact would not only be unnecessarily costly to all the parties but would also constitute a tremendous waste of judicial resources.

    WHEREFORE, Defendant Resurgent Capital Services, L.P. ("RCS") respectfully requests this Honorable Court consolidate the matters of *Bryton Ennis v. Resurgent Capital Services, L.P.,* Case No. 8:21-cv-01771-TPB-SPF, *Shannon Fallis v. Resurgent Capital Services, L.P.,* Case No.: 6:21-cv-1555-ACC-EJK, and *Marvin Worrell v. Resurgent Capital Services, L.P.,* Case No. 8:21-cv-01773-TPB-JSS, currently pending in the United States District Court for the Middle District of

Florida, with the above-styled cause[1], and grant any such further relief as the Court may deem just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies he conferred with Plaintiffs' counsel who indicated that Plaintiffs' do not oppose the consolidation of *Bryton Ennis v. Resurgent Capital Services, L.P.,* Case No. 8:21-cv-01771-TPB-SPF, *Shannon Fallis v. Resurgent Capital Services, L.P.,* Case No.: 6:21-cv-1555-ACC-EJK, and *Marvin Worrell v. Resurgent Capital Services, L.P.,* Case No. 8:21-cv-01773-TPB-JSS, currently pending in the United States District Court for the Middle District of Florida, with the above-styled cause.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

---

[1] Contemporaneous with this filing, Defendant will file a Notice of Related Filing in the other matters and will attach a copy of this Motion to that filing.

Dated: October 12, 2021

## CERTIFICATE OF SERVICE

I certify that on October 12, 2021, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael Hindi, Esq.
Thomas Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiffs*

                         **MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
       LAUREN M. BURNETTE, ESQUIRE
       FL Bar No. 0120079
       JOHN M. MAREES, II, ESQUIRE
       FL Bar No. 0069879
       12276 San Jose Blvd.
       Suite 718
       Jacksonville, FL 32223
       (904) 527-1172
       (904) 683-7353 (fax)
       lburnette@messerstrickler.com
       jmarees@messerstrickler.com
       *Counsel for Defendants*

Dated: October 12, 2021